Submitted November 1, 2019, reversed and remanded January 2, 2020

In the Matter of K. L. F.,
a Youth.

STATE OF OREGON,
*Respondent,*

*v.*

K. L. F.,
*Appellant.*

Jefferson County Circuit Court
00429713;
Petition Number 12JV0042;
A168699

456 P3d 376

Annette C. Hillman, Judge.

Matthew J. Steven filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

Youth appeals a judgment terminating the juvenile court's delinquency jurisdiction over youth and ordering youth to register as a sex offender, arguing that the juvenile court erred in imposing the registration requirement. In youth's view, the court failed to conduct the requisite hearing under ORS 163A.030, which requires a juvenile court to hold a hearing on the issue of reporting as a sex offender during the six-month period before terminating juvenile court jurisdiction. The court reasoned that it did not need to conduct that hearing because it had ordered youth to register as a sex offender almost two years earlier, when it first considered terminating jurisdiction. The state concedes that, because a hearing was not held during the six-month period preceding termination of the juvenile court's jurisdiction, the judgment terminating jurisdiction should be reversed insofar as it requires youth to register as a sex offender. We agree and accept the state's concession.

The state suggests, however, that we should also "remand for the juvenile court to hold a hearing, as described in ORS 163A.030(1), to determine whether [youth] should report as a sex offender." We agree. The appropriate disposition is to remand so that the juvenile court can hold a hearing and youth can seek to meet youth's "burden of proving by clear and convincing evidence that [youth] is rehabilitated and does not pose a threat to the safety of the public." ORS 163A.030(7)(b); ORS 163A.030(12) ("Notwithstanding ORS 419C.005(4)(c) [juvenile court's jurisdiction discontinues when it enters an order terminating judgment], the juvenile court retains jurisdiction over a person for purposes of this section.").

Reversed and remanded.